UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CLINTON MATTHEW CORBEIL,

        Petitioner,

        Case No. 1:23-cv-350

v.

        Honorable Robert J. Jonker

UNITED STATES OF AMERICA,

        Respondent.
_____/

**OPINION**

    This is a habeas corpus petition brought under 28 U.S.C. § 2241 by Petitioner Clinton Matthew Corbeil, a former federal inmate who is presently subject to supervised release in this district.

    Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases (applicable to petitions under § 2241 pursuant to Rule 1(b)); *see also* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). After undertaking the review required by Rule 4 and § 2243, the Court concludes that the petition must be dismissed because for failure to exhaust administrative remedies.

**Discussion**

## I. Factual Allegations

In July of 1997, Petitioner Clinton Matthew Corbeil was sentenced to a 300-month custodial sentence for two offenses related to the armed robbery of an armored car. *United States of America v. Corbeil*, No. 1:96-cr-162 (W.D. Mich. Jan. 31, 2023) (ECF No. 160). The Court also imposed a 3-year term of supervision to follow. *Id.* Petitioner has served his custodial time with the Bureau of Prisons (BOP) and is presently on supervised release. *Id.*; (Pet., ECF No. 1, PageID.2).[1]

On April 5, 2023, Petitioner filed his habeas corpus petition. The petition raises 1 ground for relief, as follows:

    I.    Petitioner is not being awarded [First Step Act] earned-time credits.

(Pet., ECF No.1, PageID.6.) Petitioner contends that he "earned approximately 370 days of earned-time credits under the First Step Act, (FSA) while in BOP custody and that these 370 or so days should now be applied to his term of supervised release."
(*Id.*) This could simply be a challenge to BOP's calculation of the good time credits themselves. But it could also be a claim that BOP or this Court must apply whatever good time credits there may be to reduce the term of supervised release. To the extent Petitioner is challenging the BOP calculation itself, his claim is subject to dismissal for lack of exhaustion. To the extent Petition is

---

[1] Additionally, while serving his time in the BOP, Petitioner was involved in a fight with another prisoner. *United States v. Corbeil*, No. 1:96-cr-162 (W.D. Mich., Jan. 31, 2023) (Order, ECF No. 160, PageID.370, n.1). He pleaded guilty to a charge of assault resulting in great bodily harm. The United States District Court for the Western District of Louisiana sentenced Petitioner to a new 54-month term of custody, consecutive to the term imposed by this Court. That court also imposed a 3-year term of supervision to follow the consecutive sentence. This Court accepted jurisdiction of the supervision term during June of 2022. *United States v. Corbeil*, No. 1:22-cv-17 (W.D. Mich. June 13, 2022) (Order, ECF No. 3).

arguing that he is entitled to automatic reduction of his term of supervision, the claim fails as a matter of law both because Section 2241 is the wrong procedural vehicle and because leftover good time credits do not automatically reduce a term of supervised release in any event.[2]

## II. 28 U.S.C. § 2241

Ordinarily, a federal prisoner must challenge the legality of his detention by motion under 28 U.S.C. § 2255. Nonetheless, a federal prisoner may challenge the manner or execution of his sentence under 28 U.S.C. § 2241. *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)).

A claim concerning the computation of good-conduct time can be addressed in a § 2241 petition. *See Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("[Section] 2241 is a vehicle . . . for challenging matters concerning the execution of a sentence such as the computation of good-time credits."). Indeed, because a challenge to the loss of good conduct sentence credit involves "the fact or extent of [Petitioner's] confinement," it can only be brought as a habeas petition. *Wilson v. Williams*, 961 F.3d 829, 837 (6th Cir. 2020).

There is nothing in Section 2241 that addresses modifications to the duration or terms of federal supervised release, however. Those issues are governed by 18 U.S.C. § 3583(e) on motions in the original criminal case or cases that imposed the supervision.

## III. Exhaustion of Challenges to Good Time Credit Calculations

It is well-settled that federal prisoners must exhaust administrative remedies prior to filing a habeas petition under 28 U.S.C. § 2241. *See Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981);

---

[2] Petitioner may move under 18 U.S.C. § 3582(e)(2) in his original criminal case or cases for reduction of the term of supervision. Moreover, after at least a year on supervision, Petitioner may seek early termination under 18 U.S.C. § 3582(e)(1). In either case, the matter is left to the discretion of the Court. Leftover good time credits may be a factor the Court chooses to consider, but the Court is not compelled to do so, or to provide any automatic reduction credits.

*Campbell v. Barron*, 87 F. App'x 577 (6th Cir. 2004); *see also United States v. Wilson*, 503 U.S. 329, 334-36 (1992) ("Federal regulations have afforded prisoners administrative review of the computation of their credits. . . and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies.") (citations omitted). Exhaustion is an affirmative defense; therefore, as a general rule, a district court may not dismiss a § 2241 petition at the screening stage for failure to plead exhaustion or to attach exhibits with proof of exhaustion. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). However, where a petitioner's failure to exhaust is apparent on the face of the pleading itself, a district court may *sua sponte* summarily dismiss a petition on grounds of exhaustion. *See Jones v. Bock*, 549 U.S. 199, 214–15 (2007) (recognizing, in the context of a civil rights case, that a court may *sua sponte* dismiss for lack of exhaustion if the lack of exhaustion is apparent from the face of the pleading); *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, *1 (6th Cir. July 17, 2017) (affirming summary dismissal of § 2241 petition on exhaustion grounds, citing *Jones*).

Petitioner acknowledges that he did not exhaust administrative remedies through the BOP before filing this action. (Pet., ECF No. 1, PageID.2.) Petitioner suggests that no administrative remedy was available to him because he was "not in custody" at the time of his supervised release. (*Id.*) Petitioner does not state facts indicating that he attempted to exhaust his remedies but was refused; instead he simply concludes that because he is not in custody he cannot avail himself of administrative remedies. That conclusion is plainly wrong.

The BOP maintains an administrative remedy program "through which an inmate may seek formal review of a complaint which relates to any aspect of [her] imprisonment if less formal procedures have not resolved the matter." 28 C.F.R. § 542.10. The program "applies to all inmates in institutions operated by the Bureau of Prisons, to inmates designated to contract Community

4

Corrections Centers (CCCs) under Bureau of Prisons responsibility, *and to former inmates for issues that arose during their confinement.*" *Id.* (emphasis added). The credits to which Petitioner claims he is entitled were earned during his confinement. (ECF No. 1, PageID.6) ("Petitioner avers that he earned approximately 370 days of earned-time credit under the First Step Act, (FSA) ***while in BOP custody*** . . . .") (emphasis added).

The administrative remedy program provides that "[t]he Community Corrections Manager (CCM), Warden, Regional Director, and General Counsel" are each responsible for responding to "Requests or Appeals filed at their levels." 28 C.F.R. §§ 542.11. Inmates are entitled to mail their requests, and requests as to decisions that did not initiate with a warden may be filed directly with the Bureau office. 28 C.F.R. § 542.14. Thus, the exhaustion requirement applies even to former inmates like Petitioner who are not incarcerated in a BOP facility at the time of the filing of the petition. *Covell v. Scibana*, 21 F. App'x 291, 293 (6th Cir. 2001) (holding that an inmate who had been *released* from BOP custody was still required to exhaust his administrative remedies because "the Administrative Remedy Program applies to former inmates for issues that arose during their confinement"); *Brown v. United States*, No. 23-60288-civ, 2023 WL 2045583, at *2 (S.D. Fla. Feb. 16, 2023) ("In short, a prisoner on supervised release (like Brown) must fully complete the BOP's "Administrative Remedy Program" before he can file a § 2241 petition. Because Brown hasn't done that, he's failed to exhaust his administrative remedies."); *Peete v. United States*, No. 2:23-cv-10137, 2023 WL 2472623, at *2 (E.D. Mich. Feb. 13, 2023) (holding that a prisoner on supervised release was required to exhaust his administrative remedies before pursuing a § 2241 claim for a reduced term of supervised release under the First Step Act.); *Fleming v. Dir. Bureau of Prisons*, No. 22-cv-10080, 2022 WL 982233 (E.D. Mich. March 30, 2022) (same);

Because it is clear on the face of the petition that Petitioner failed to exhaust his available administrative remedies, his petition will be dismissed to the extent it seeks to challenge the BOP's calculation of good time credits.

### IV. Automatic Reduction of the Duration of Supervision Based on Leftover Good Time

To the extent Petitioner is attempting to argue that he is automatically entitled to a reduction in his term of supervision based on leftover good time credits, he is wrong as a matter of law. In *United States v. Johnson*, 529 U.S. 53 (2000), the Supreme Court unanimously determined that supervised release begins to run when the BOP actually releases a prisoner from custody, not at some earlier time when the BOP should have released the prisoner. This principle precludes Petitioner's claim for automatic reduction of a term of supervision based on leftover good time credits. *See, e.g., Hamani v. Smalley,* 2020 WL 2732073, at *1-2 (D. N.J. May 22, 2020); *Chapple v. United States*, 2020 WL 614552, at *2-3 (D. N.J. Feb. 10, 2020). *See also United States v. Davila*, 2020 WL 6875214, at *1 (S.D. Ga. Nov. 23, 2020) (good time credits earned during original term of custody "cannot be used to shorten the term of supervised release or any future term of imprisonment for violation of supervised release")  Accordingly, to the extent Petitioner is trying to seek automatic reduction of his term of supervision based on leftover good time credits, his claim fails as a matter of law.[3]

### Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to relief on his claim and will enter a judgment dismissing the petition with prejudice to the extent he is seeking automatic reduction of his term of supervision, but otherwise without prejudice.

---

[3] This does not preclude Petitioner from arguing that leftover good time credits should be a factor the Court considers on a motion for discretionary relief under 18 U.S.C. § 3582(e).

Lastly, the Court notes that a certificate of appealability is not needed to appeal the dismissal of a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, Petitioner need not request one from this Court or the Sixth Circuit should he seek to appeal this decision.


Dated:      May 16, 2023                        /s/ Robert J. Jonker
                                                                                 Robert J. Jonker
                                                                                United States District Judge